

# Notice of Service of Process

**SOP / ALL**
**Transmittal Number: 22855787**
**Date Processed: 03/05/2021**

| | |
|---|---|
| **Primary Contact:** | Richard Spenner<br>Lincoln Financial Group<br>1300 S Clinton St<br>Fort Wayne, IN 46802-3506 |
| **Electronic copy provided to:** | Susan Norman<br>Katrese Reeves<br>Debra Mainelli<br>Edith Odgaard<br>Amanda Framme |
| **Entity:** | Lincoln Life Assurance Company of Boston<br>Entity ID Number 2538002 |
| **Entity Served:** | Lincoln Life Assurance Company of Boston |
| **Title of Action:** | Daniel McCarthy vs. Massachusetts Mutual Life Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Rockingham County Superior Court, NH |
| **Case/Reference No:** | 218-2021-CV-00137 |
| **Jurisdiction Served:** | New Hampshire |
| **Date Served on CSC:** | 03/04/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James W. Craig<br>603-665-9111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:    **Daniel McCarthy v Massachusetts Mutual Life Insurance Company**
Case Number:  **218-2021-CV-00137**

Date Complaint Filed: February 12, 2021

A Complaint has been filed against Lincoln Life Assurance Company of Boston; Massachusetts Mutual Life Insurance Company in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| April 02, 2021 | Daniel McCarthy shall have this Summons and the attached Complaint served upon Lincoln Life Assurance Company of Boston; Massachusetts Mutual Life Insurance Company by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| April 23, 2021 | Daniel McCarthy shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Lincoln Life Assurance Company of Boston; Massachusetts Mutual Life Insurance Company must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Lincoln Life Assurance Company of Boston; Massachusetts Mutual Life Insurance Company:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| James William Craig, ESQ | Craig Deachman & Associates PLLC 1662 Elm St Ste 100 Manchester NH  03101 |
| Massachusetts Mutual Life Insurance Company | 1295 State Street F105 Springfield MA  01111 |
| Lincoln Life Assurance Company of Boston | 175 Berkley Street Boston MA  02116 |

BY ORDER OF THE COURT

February 16, 2021

(1082)

Jennifer M. Haggar
Clerk of Court

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2021-CV-00137
Rockingham Superior Court
2/16/2021 11:28 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH 03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name: **Daniel McCarthy v Massachusetts Mutual Life Insurance Company**
Case Number: **218-2021-CV-00137**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.** Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer. For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.
2. After you register, click Start Now. Select **Rockingham Superior Court** as the location.
3. Select "I am filing into an existing case". Enter **218-2021-CV-00137** and click Next.
4. When you find the case, click on the link and follow the instructions on the screen. On the "What would you like to file?" screen, select "File a Response to Civil Complaint". Follow the instructions to complete your filing.
5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

EXHIBIT A

Filed
File Date: 2/12/2021 12:05 PM
Rockingham Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                             SUPERIOR COURT
                                                           218-2021-CV-00137

DANIEL MCCARTHY

V.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

&

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

## COMPLAINT

NOW COMES the Plaintiff, Daniel McCarthy, and says as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Daniel McCarthy (hereinafter "Plaintiff") is a New Hampshire resident with an address of 32 Bald Hill Road, Raymond, New Hampshire.

2. Defendant Massachusetts Mutual Life Insurance Company is the owner/sponsor of MassMutual Agents' Welfare Benefits Plan, 506, (the Plan) under which Plaintiff is covered and it has a principal address at 1295 State Street, F105, Springfield, Massachusetts, 01111-00001.

3. Defendant Lincoln Life Assurance Company of Boston is the third party disability claims administrator of the Plan. It has a principal address of 175 Berkley Street, Boston, Massachusetts, 02116.

4. This suit is brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. s1132(a)(1)(B). This Court has jurisdiction pursuant to the ERISA statute, 29U.S.C. s1132(e).

5. At all times material to this action, Plaintiff was a participant of the MassMutual Agents' Welfare Benefits Plan, 506.

## PLAINTIFF'S DISABILITY

6. That Plaintiff ceased working for his employer, Commonwealth Financial Group, a member of MassMutual Financial Group, when he became disabled in November, 2016.

7. That, due to his condition, Plaintiff's claim for short term disability was initially approved in December, 2016 and terminated on February 21, 2017.

8. That Plaintiff appealed that decision and a final denial was made on October 16, 2017 as ""''proof of continued disability in accordance with the Policy provisions beyond February 221, 2017 has not been provided..."

9. That Plaintiff then filed suit under this statute which was settled by the parties without decision.

10. That Plaintiff then pursued his administrative remedies and requested Long Term Benefits pursuant to the Policy on September, 6, 2019. On March 6, 2020, Lincoln Life Assurance Company of Boston issued a denial letter to the Plaintiff.

11. That after having Mr. McCarthy's medical records reviewed (without benefit of physical examination), by two physicians Board Certified in Physical Medicine and Rehabilitation and by an unnamed vocational consultant, his claim was denied because "...The clinical documentation does support restrictions and limitations that would result in impairment; however, the restrictions and limitations do not preclude him from performing his Own Occupation form November 22, 2016 forward. The medical information does not contain physical examinations findings, mental status examination findings, diagnostic test results, or4 other forms of medical documentation supporting his impairments and symptoms rendering his (sic) unable to perform the duties of his Own Occupation throughout and beyond the Policy's elimination period. Pg 8/9, Lincoln denial letter, March 6, 2020.

12. Plaintiff Has a long history of cervical and left shoulder injury and pain. He has undergone a left shoulder arthroscopic surgery for a torn labrum, a laminotomy and foraminotomy at C6 and C7 for a herniated disc, he suffers persistent neck and left shoulder pain and left upper extremity radicular symptoms, symptomatic and clinical neurologic deterioration, left ulnar neuropathy at the elbow, myofascial pain syndrome, cervical radiculitis and spondylosis and left shoulder bursitis.

13. As a result of the Plaintiff's condition, he is or has been prescribed Tramadol, a synthetic narcotic pain reliever, Skelaxin, used to treat muscle spasm and pain, and Lyrica to relieve nerve pain. He now takes Nucynta (Tapentadol, a Category 2 narcotic) 50 Milligrams three times daily and Nucynta 100 milligrams twice daily.

14. That Salony Majmudar, M.D., a treating physician at New England Neurological Associates, stated in August, 2017 that "Mr. McCarthy's pain significantly affects his ability to pay attention and concentrate at work on a daily basis. The medications he takes to control his pain affect his ability to stay constantly alert. This prevents him from making important phone calls and financial decisions for clients. This also affects his ability to complete paperwork accurately and thoroughly. His level of pain can reach a ten out of ten level on a daily basis, requiring frequent unpredicted breaks from work and interruptions/delays with client meetings. He cannot drive more than 15 minutes without pain and irritation."

15. That Defendant described Plaintiff's job requirements as 1. Phone calls, 2. Meeting with customers, and 3. Paperwork. (March 6, 2020 Decision, Pg 6.) This description grossly understates Plaintiff's job duties and completely ignores the responsibility of prudently handling other people's assets.

16. Mr. McCarthy was seen by an independent physician, Dr Mark Weiner of MediGroup PC in Randolph, Massachusetts, for another proceeding on July 25, 2017. Dr Wiener stated "In my opinion, disability from gainful employment is total and permanent and causally related to the injury sustained during the course of work on 12/29/02. The opinion is based upon the patient's ongoing condition, educational level, training and work experience."

17. That although several of Plaintiff's treating physicians have indicated that he is disabled, Defendants have refused to properly consider that medical evidence in favor of the opinion of physicians who have never performed a physical examination on the Plaintiff.

18. That Defendants have refused to consider the effects of pain and of pain medication in deciding that Plaintiff has the ability "to perform all of the material and substantial duties of his occupation….."

19. That the March 6, 2020 Decision states that "Our role in reviewing Mr. McCarthy's file is to determine whether his medical condition and the medical documentation contained in his file supports that he is unable to perform the material and substantial duties of his own occupation." (pg. 8) This standard leaves out the requirements that such duties must be performed "on an active service basis" or "with reasonable continuity" (Definition of Disability, Pg. 9, March 6, 2020 Decision).

## CLAIM FOR RELIEF

### (Recovery of Plan Benefits, 29 U.S.C s1132(a)(1)(B))

20. Plaintiff incorporates paragraphs one through seventeen into this Claim for Relief.
21. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. s1132(a)(1)(B).
22. Pursuant to s1132(a)(1)(B), Plaintiff, as a participant of the Long -Term Disability Plan, is entitled to sue for a judicial determination and enforcement of benefits.
23. Defendants improperly denied Plaintiff's Long Term Disability Benefits to which he is entitled under the terms of the Massachusetts Mutual Life Insurance Group Term Disability Plan, in contravention of the Plan and ERISA.
24. Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits was arbitrary and capricious.
25. Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits constitutes an abuse of discretion.

WHEREFORE, the Plaintiff, Daniel McCarthy, respectfully requests that this Honorable Court:

A. Enforce Plaintiff's rights under Defendant's group insurance plan;
B. Order Defendants to pay all past due disability benefits;
C. Order Defendants to pay ongoing disability benefits until such time that Plaintiff may no longer be considered disabled under terms of the Defendant's insurance policy;
D. Order Defendants to pay interest on past due disability benefits;
E. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs pursuant to 29 U.S.C.A. 1132(g)(1), and;
F. Order such other and further relief as the Court deems equitable, just and proper.

Dated: February 12, 2021

Respectfully submitted,
Daniel McCarthy
By his attorneys,
Craig, Deachman & Associates, PLLC

/s/James W. Craig
James W. Craig Esq., NH Bar# 183
1662 Elm Street
Manchester, NH 03101
(603)665-9111
jcraig@cda-law.com

**Merrimack County Sheriff's Office**
DAVID A. CROFT
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON
10 FERRY ST    S313
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                        3/ 4 /2021

I, DEPUTY JENNIFER L BOUCHER, on this date at 1214 a.m./p.m., summoned the within named defendant LINCOLN LIFE ASSURANCE COMPANY OF BOSTON as within commanded, by leaving at the office of Registered Agent Corporation Service Company, 10 Ferry Street, Suite 313, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

| | |
|---|---|
| Service | $25.00 |
| Postage | 1.00 |
| Travel  | 15.00 |
| TOTAL   | $41.00 |

DEPUTY JENNIFER L BOUCHER
Merrimack County Sheriff's Office

A TRUE COPY ATTEST:

DEPUTY BOUCHER
Merrimack County Sheriff's Office